IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE IONNELL ROBERSON,

      Plaintiff,

vs.

No. CIV S-07-2684 MCE EFB P

SACRAMENTO COUNTY JAIL, et al.,

      Defendants.         ORDER

_____/

      Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. The proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

////

////

PDF created with pdfFactory trial version www.pdffactory.com

1       The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it
2 does not state a cognizable claim against any defendant. To proceed, plaintiff must file an
3 amended complaint.
4       In the complaint, plaintiff alleges that the Sacramento County Jail and several officers
5 violated his rights. In all, plaintiff alleges:
6     All parties have been personally served by I Clarence Roberson for your
    numerous amounts of times and I've explained to them all that I haven't received
7     outdoor rec since 8-24-07 which was my arrival date.

8 Comp., at 5. As relief he states:
9     I want the court to recognize the negligence of Sacramento County Deputies and
    to bring justice on my behalf and prove a point that just because of an [sic]
10     position held by authorities that do not have the right to refuse or deprive inmates
    of their constitutional rights.
11
12 *Id.*
13       Section 1983 of Title 42 of the United States Code creates a cause of action against
14 persons who deprive any individual of a right secured to him by the Constitution or laws of the
15 United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).
16 Municipalities are "persons" for purposes of section 1983. Municipalities and their officials are
17 "persons" for purposes of section 1983. *Monell v. New York city Dep't of Social Servs.*, 436
18 U.S. 658, 690 (1978). A municipality is subject to liability for the constitutional torts of its
19 officials if an individual with final policy making authority acted pursuant to an official policy or
20 custom, or failed to act based on a policy of inaction amounting to the knowing disregard of
21 plaintiff's rights. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v.*
22 *Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992). Thus, although plaintiff may have a cause of
23 action, he has not alleged facts based upon which the court could find that the Sacramento
24 County Jail is subject to liability. Furthermore, it is not clear whether plaintiff is awaiting trial or
25 whether he has been convicted of a crime and is serving a sentence. His status in this regard
26 affects the law that applies to his claims. Before a person is convicted of a crime, he cannot be

PDF created with pdfFactory trial version www.pdffactory.com

subjected to punishment. *Bell v. Wolfish*, 441 U.S. 520, 1173-74 (1979).  Thus, the Eighth Amendment's prohibition of "cruel and unusual punishments" applies only after judgment of conviction is entered. *Graham v. Connor*, 490 U.S. 386, 393 & n.6 (1989); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).   If plaintiff is not confined pursuant to a criminal judgment, may frame his claims in terms of the violation of his right to due process, i.e., he wrongly has been subjected to punitive measures. *See Pierce*, 526 F.3d at 1205.  If, on the other hand, plaintiff has been convicted of a crime, in order to state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See  Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991);  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

   Plaintiff's claims fail to state a claim under any of the above theories.  In order to proceed, he must file an amended complaint.

   Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.
////

3

PDF created with pdfFactory trial version www.pdffactory.com

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1995, 1965 (2007) (citations omitted).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against

4

PDF created with pdfFactory trial version www.pdffactory.com

many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sacramento County Sheriff filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: September 16, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

PDF created with pdfFactory trial version www.pdffactory.com